IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br>    *Petitioner*,<br><br>v.<br><br>STEVEN KALLIS, Warden,<br>USP Terre Haute,<br>    and<br>UNITED STATES OF AMERICA,<br><br>    *Respondents*. | Case No. 2:23-cv-524<br><br>DEATH PENALTY CASE |

## MOTION TO RECONSIDER SECOND ORDER TO SHOW CAUSE AND FOR ENTRY OF DEFAULT

Petitioner, Norris G. Holder, Jr., by and through undersigned counsel, hereby moves for reconsideration of this Court's sua sponte Second Order to Show Cause (ECF No. 8) and for an entry of default against Respondents pursuant to Fed. R. Civ. P. 55(a).

As grounds, Mr. Holder states that:

1. On November 14, 2023, Mr. Holder filed with this Court a petition for habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his convictions and death sentences should be vacated because the district court in which he was tried lacked jurisdiction to preside over his capital prosecution. (ECF No. 1).

2. On November 16, 2023, this Court issued an Order to Show Cause giving Respondents until December 27, 2023, to answer the allegations in the petition and show cause as to why the writ should not be granted. (ECF No. 7). A copy of the Show Cause Order was distributed to the United States Attorney's Office via electronic service.

3.      Respondents failed to file an answer to the allegations in Mr. Holder's petition, failed to respond to the Court's Order to Show Cause, and failed to otherwise present a defense in this matter. On January 2, 2024, the Court sua sponte issued a Second Order to Show Cause, recognizing that Respondents failed to respond or enter an appearance. (ECF No. 8). However, the Court extended Respondent's deadline to file a response to February 13, 2024.

4.      The Court should reconsider its sua sponte Second Order to Show Cause and direct the clerk to enter default against Respondents. *See* Fed. R. Civ. P. 60(b)(6); Fed. R. Civ. P. 55(a). As Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, … *the clerk must enter the party's default*." Fed. R. Civ. P. 55(a) (emphasis added). It is beyond dispute that Respondents have defaulted in this proceeding because they failed to respond to Mr. Holder's petition for affirmative relief as ordered. Rule 55(a) thereby *requires* that the clerk enter Respondents' default. Accordingly, the Court's sua sponte Second Order to Show Cause bypasses the mandatory default requirements of Rule 55(a) and should therefore be reconsidered.

5.      Mr. Holder also notes that this is not the first time Respondents have failed to adhere to deadlines in habeas litigation brought by Mr. Holder in this District. (*See Holder v. United States*, Case No. 2:22-cv-00212-JRS-MG (S.D. Ind. 2022)). There, Respondents received multiple extensions of time to comply with the court's show cause order and ultimately had until January 2, 2022, to respond to Mr. Holder's petition. (*Id.* at ECF Nos. 9, 12, 14). However, Respondents failed to respond by the deadline, opting instead to file their response late on January 9, 2022, without leave or approval from the court. (*Id.* at ECF No. 17). The court subsequently extended Mr. Holder's deadline to file

a reply, "to the extent that respondent's return to the Court's show cause ... [was] deemed timely filed." (*Id.* at ECF No. 19). A separate judge in this district has also previously reported to be "disturbed and disappointed by the lack of seriousness and attention the Government has applied in" a separate habeas action. *Taylor v. United States*, Case No. 1:16-cv-03515, 2018 WL 6068804, *3 (S.D. Ind. Nov. 20, 2018).

6.     In habeas litigation, Mr. Holder's life hinges on his adherence to strict judicial deadlines. Indeed, courts routinely dismiss habeas petitions brought by death row inmates simply because they failed to meet deadlines, even when such failures are the result of either counsel or judicial mistake. *See generally Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (dismissing a capital habeas petition filed a day late as untimely); *see also Thomas v. McDonough*, 452 F.Supp.2d 1203 (M.D. Fla. 2006) (dismissing three separate habeas petitions as untimely and noting that appointed counsel had "no good reason or explanation for their failure to file on time"). However, as recognized by Justice O'Connor, "[c]oncerns for equity . . . resonate throughout [Supreme Court] habeas jurisprudence." *Withrow v. Williams*, 507 U.S. 680, 699 (1993) (O'Connor, J., concurring in part and dissenting in part). The government seeks to end Mr. Holder's life and will undoubtedly oppose this habeas petition to achieve that objective. It is simply inequitable that the government be allowed to disregard judicial deadlines, on multiple occasions, without requiring it to first adequately explain or justify such disregard. Mr. Holder has no opportunity for such second chances. For this reason, undersigned counsel was already in the process of drafting a motion for default at the time the Court entered its sua sponte order.

WHEREFORE, Mr. Holder asks that the Court reconsider its Second Order to Show Cause pursuant to Rule 60(b)(6) and to order the clerk to enter default against Respondents as required by Rule 55(a).

Dated: January 3, 2024

Respectfully Submitted,

/s/Allen Franco
Allen Franco
Assistant Federal Public Defender
Federal Defender's Office for the
Districts of Massachusetts, New Hampshire
and Rhode Island
51 Sleeper Street
Boston, MA 02210
Phone: (617) 223-8061
Fax: (617) 639-9023
allen_franco@fd.org

/s/Eliza Meredith
Eliza Meredith
Assistant Federal Public Defender
Office of the Federal Public Defender for
the Eastern District of Arkansas
1401 West Capitol, Suite 490
Little Rock, AR 72201
Phone: (501) 324-6114
Fax: (501) 324-5630
eliza_meredith@fd.org

*Counsel for Norris G. Holder, Jr.*

CERTIFICATE OF SERVICE

I certify that on January 3, 2024, a copy of the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Allen Franco
Allen Franco