UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NORRIS G. HOLDER, JR.,                    )
                                          )
                Petitioner,               )     **CAPITAL CASE**
                                          )
        v.                                )  Cause No. 2:23-cv-00524-MPB-MKK
                                          )
STEVEN KALLIS, *WARDEN*,                  )
*USP TERRE HAUTE*, and                    )
United States of America,                 )
                                          )
                Respondents.              )

RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR DEFAULT
JUDGMENT AND MOTION TO EXTEND TIME TO FILE RESPONSE

The Respondents, by counsel, Zachary A. Myers, United States

Attorney for the Southern District of Indiana, and James R. Wood, Assistant

United States Attorney, responds to the Petitioner's motion for default

judgment, (D. 9), and moves for an extension of time of forty-five (45) days, to

and including March 29, 2024, to respond to the Petitioner's Petition for Writ

of Habeas Corpus Under 28 U.S.C. § 2241.

In support, the Respondents advise as follows:

1.      On March 26, 1998, Norris G. Holder, Jr., was convicted in the

Eastern District of Missouri of: one count of bank robbery, in violation of 18

U.S.C. §§ 2113(a) and (e) (Count 1); and one count of using or carrying a

firearm during and in relation to a crime of violence, specifically, bank

robbery as charged in Count 1, in violation of 18 U.S.C. §§ 924(c) and (j) (Count 2). He was sentenced to death on both counts and is serving his sentence at the United States Penitentiary located in Terre Haute, Indiana.

2.    On November 14, 2023, Holder, with the assistance of counsel, filed a petition for a writ of habeas corpus. (D. 1.)

3.    On November 16, 2023, the Respondents were ordered to respond to the petition on or before December 27, 2023. (D. 7.) Regrettably, undersigned counsel did not learn of the Court's order until very recently and is now aware of, and grateful for, the grace of the additional time the Court provided in its most recent deadline order. (D. 8.)

4.    On January 3, 2024, the Petitioner filed a motion to reconsider the Court's *sua sponte* second order to show cause and urged the Court to direct the clerk to enter default against Respondents. *See* Fed. R. Civ. P. 60(b)(6); Fed. R. Civ. P. 55(a). (D. 9.)

5.    Counsel apologizes for inadvertently missing the due date in the Court's show cause order. While counsel has the utmost respect for this Court's rules and orders, the missed deadline in this case owes in substantial part to an internal tracking error as well as a miscommunication between the district of conviction, which typically handles habeas petitions in death penalty matters, and the district of confinement (SDIN).

2

The district of conviction handled Holder's first § 2241 petition, which is currently pending in this district. *See Norris Holder v. Steven Kallis, Warden, et. al.*, No. 2:22-cv-00212-JRS-MG. Consistent with the normal approach to such matters, the district of conviction will be handling this second § 2241 petition as well. However, because no local Assistant United States Attorney (AUSA) had an appearance in this case and because SDIN was not aware of the retirement of the AUSA who handled previous responses involving the Petitioner, the undersigned wrongly assumed that the matter was being taken care of as a continuation of the earlier litigation. That is the undersigned's oversight, and the undersigned takes responsibility for that error and reiterates an apology to the Court for the failure.

6.     The undersigned spoke with an AUSA from the Eastern District of Missouri, the district of conviction, today, and that AUSA is filling out the paperwork necessary for admission to this district and hopes to complete the process this week, at which point he will enter an appearance and complete the government's response to the petitioner's claims.

7.     Default judgment is not appropriate in this case. "[D]efault judgment is a harsh sanction that ought to be used sparingly." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984)).

Thus, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of University of IL*, 473 F3d 799, 811 (7th Cir. 2007) (citing *C.K.S.*, 726 F.2d at 1205). Default judgment "is a weapon of last resort" and "appropriate only when a party willfully disregards pending litigation." *Id.* (citing *C.K.S.*, 726 F.2d at 1204).

And to be sure, "default judgments are disfavored in habeas corpus cases." *Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) (citing *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981); *Hale v. Lockhart*, 903 F.2d 545, 547–48 (8th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987)). That makes sense: "Habeas corpus is a strong remedy and is therefore reserved . . . for serious rather than mere technical violations of rights." *Id.* (citing *Waletzki v. Keohane*, 13 F.3d 1079, 1081 (7th Cir. 1994)). So granting default judgment in a habeas corpus case "may well conflict with the public's right to protection." *Ruiz*, 660 F.2d at 340.

This case does not warrant default judgment. The government's mistake was not intentional or made in bad faith. *Cf. Bleitner*, 15 F.3d at 653 (default judgment "disproportionate" sanction for untimely motion for extension of time). This is far from an extreme case warranting a weapon of last resort.

Moreover, "[t]his Circuit has a well established policy favoring [a merits determination] over a default judgment." *Sun*, 473 F.3d at 811 (citing *C.K.S.*,726 F.2d at 1205). And the petitioner has not cited any case in which default judgment was granted in a habeas case.  Certainly, while the Respondents take seriously the petitioner's interest in having his claims heard, they believe that default judgment in a habeas proceeding on the basis of missed deadlines (for which the government again apologizes) would amount to an injustice to the victims in this case.

Furthermore, the Petitioner's motion for default judgment lacks clarity on at least one fact relevant to his diligence argument.  Specifically, he fails to acknowledge that, at the time the government filed its response to Petitioner's first § 2241 petition, its motion for extension of time was pending in the district court. *See Norris Holder v. Steven Kallis, Warden, et. al.*, No. 2:22-cv-00212-JRS-MG, ECF Nos. 16, 17. The court simply granted the motion shortly after the response was filed. *Id.* at ECF No. 19. That demonstrates attention to the existing deadline, not the negligence Petitioner suggests.

8.      The new AUSA from the Eastern District of Missouri is getting up to speed on this case. Counsel for the Respondents requires an additional forty-five days (45) days to prepare, review, and finalize the government's

5

response.

9.      Given the circumstances, no prior extensions of time have been requested by the Respondents. This extension is requested to allow sufficient time to prepare a complete and appropriate response to the Petitioner's claims and not for any purpose of delay. Again, the undersigned apologizes for the oversight that led to this.

WHEREFORE the Respondents respectfully pray that the Petitioner's motion for default judgment be denied and that the Respondents be granted up to and including March 29, 2024, to respond to the § 2241 petition.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:   s/ James R. Wood
James R. Wood
Assistant United States Attorney

6

CERTIFICATE OF SERVICE

I certify that on January 9, 2024, a copy of the foregoing was filed electronically. Service of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James R. Wood
James R. Wood
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Bob.Wood@usdoj.gov