IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br>　　*Petitioner*,<br><br>v.<br><br>STEVEN KALLIS, Warden,<br>USP Terre Haute,<br>　　　　and<br>UNITED STATES OF AMERICA,<br><br>　　*Respondents*. | Case No. 2:23-cv-524<br><br>DEATH PENALTY CASE |

**REPLY TO RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO RECONSIDER AND FOR ENTRY OF DEFAULT**

Petitioner, Norris G. Holder, Jr., by and through undersigned counsel, hereby files this Reply to Respondents' Response In Opposition to Petitioner's Motion for Default Judgment and Motion to Extend Time To File Response. (ECF No. 11).

1.　　　　Respondents mistakenly construe Mr. Holder's Motion for Entry of Default (ECF. No. 9), as a motion for default judgment. It is well established that "Rule 55 of the Federal Rules of Civil Procedure sets forth a *two-step process* for a party seeking default judgment." *Delta Faucet Company v. Watkins*, No. 1:23-cv-00200-JMS-CSW, 2023 WL 8527092, *1 (S.D. Ind. Dec. 8, 2023) (emphasis added); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of default judgment"). "First, the plaintiff must obtain an entry of default from the Clerk" under Rule 55(a). *Id.*

"Second, after obtaining an entry of default, the plaintiff may seek an entry of default judgment." *Id.*

2.      The instant motion seeks a *clerk's entry of default* under Fed. R. Civ. P. 55(a), not an entry of default judgment. A clerk's entry of default is but the first step in the well-established two-step process mandated by Rule 55. Despite this, Respondents' Opposition proceeds as though Mr. Holder is seeking default judgment. (ECF No. 11, pg. 3, ¶ 7). Accordingly, Respondents' Opposition is misplaced and should be disregarded.

3.      In addition, Rule 55(a) is mandatory in that "if a party . . . fails to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Broadwater v. Kalina*, Case No. 1:13-cv-309-RLY-DKL, 2013 WL 3353946, *1 (S.D. Ind., July 3, 2013) (holding that "[a]bsent a party's forfeiture (by, *e.g.*, excessive delay in moving), the entry of default is mandatory"). Then, after a default is entered, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Although a court may merge a motion for a clerk's entry of default with a party's motion to set aside default, the defaulted party must still establish good cause. *See Broadwater*, Case No. 1:13-cv-309-RLY-DKL, 2013 WL 3353946 at *1.

4.      A clerk's entry of default is the most appropriate remedy here. Respondents' misapplication of Rule 55 creates unnecessary confusion and again places the Court in a position where it must rehabilitate the government's actions, or lack thereof, without scrutiny. Respondents should be required to demonstrate, through affidavit or other competent evidence, that good cause exists to set aside their default.

5.      Alternatively, should the Court construe Respondents' Opposition as a motion to set aside an entry of default, Mr. Holder asks that Respondents be required to supplement their Opposition with sworn affidavits detailing the specific "internal tracking

errors as well as a miscommunication" (ECF No. 11, pg. 2, ¶ 5) that led to this default and that Mr. Holder be given an adequate opportunity to respond.

6.      Respondents' Opposition also misconstrues the circumstances under which a habeas petitioner is entitled to default judgment. "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Accordingly, the Court must consider the merits of Mr. Holder's petition regardless of Respondents' default. *See Ruiz v. Caddy*, 660 F.2d 337, 340 (7th Cir. 1981). Additionally, there remains a separate question of whether Respondents' default prevents them from presenting anything other than a merits defense to Mr. Holder's petition. *See e.g.*, *Bennett v. Collins*, 835 F. Supp. 930, 936 (E.D. Tex. 1993) (recognizing that the court retained the power to disregard an untimely response or procedural defenses presented by respondents who default in habeas proceedings); *see also* Fed. R. Civ. P. 55(d) (referring only to the "merits" of a claim brought against the government). Accordingly, any impact Respondents' undisputed default has in this habeas proceeding should be resolved on a subsequent motion to set aside a clerk's entry of default under Rule 55(c) or motion for default judgment under Rule 55(d).

7.      Finally, Mr. Holder again reiterates that the government is seeking to end his life. The government's failure to respond or otherwise enter an appearance in this case, and its subsequent misapplication of the rules governing its undisputed default, displays a disturbingly cavalier attitude towards that extraordinary objective. The government should account for its default regardless of the nature of the proceeding, but especially when a petitioner's life is on the line.

WHEREFORE, Mr. Holder asks that the Court disregard Respondents' Opposition entirely because it plainly misconstrues the Federal Rules of Civil Procedure and fails to adequately address whether good cause exists to set aside its undisputed default. Because of this, Mr. Holder prays that the Court reconsider its Second Order to Show Cause pursuant to Rule 60(b)(6) and to order the clerk to enter default against Respondents as required by Rule 55(a).

Dated: January 10, 2024

Respectfully Submitted,

/s/Allen Franco
Allen Franco
Assistant Federal Public Defender
Federal Defender's Office for the
Districts of Massachusetts, New Hampshire,
and Rhode Island
51 Sleeper Street
Boston, MA 02210
Phone: (617) 223-8061
Fax: (617) 639-9023
allen_franco@fd.org

/s/Eliza Meredith
Eliza Meredith
Assistant Federal Public Defender
Office of the Federal Public Defender for
the Eastern District of Arkansas
1401 West Capitol, Suite 490
Little Rock, AR 72201
Phone: (501) 324-6114
Fax: (501) 324-5630
eliza_meredith@fd.org

*Counsel for Norris G. Holder, Jr.*

4

## CERTIFICATE OF SERVICE

I certify that on January 10, 2024, a copy of the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Allen Franco*
Allen Franco