UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00524-MPB-MKK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| STEVEN KALLIS Warden, USP Terre Haute, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Reconsideration and Granting Motion for Extension of Time**

Petitioner Norris Holder filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 14, 2023. In the petition, he alleges that he is entitled to relief because the district court lacked subject matter jurisdiction to try Mr. Holder on capital charges and impose sentences of death because the grand jury never indicted Mr. Holder on any capital crimes. Dkt. 1 at 9−14. Mr. Holder acknowledges the Supreme Court's recent decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), which greatly narrowed the class of cases to which the 28 U.S.C. § 2255(e)'s savings clause may apply, but he argues that *Jones* does not prevent him from seeking relief under § 2241. *Id.* at 15−20.

On November 16, the Court ordered Respondents to answer the allegations of the habeas petition by December 27. Dkt. 7. Because no attorney had entered an appearance for Respondents or answered the petition, the Court reissued the Order to Show Cause on January 2, 2024, and provided Respondents through February 13, 2024, to answer the petition. Dkt. 8.

The next day, Mr. Holder filed a motion for reconsideration of the Court's Second Order to Show Cause and moved for the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). Dkt. 9. Respondents filed a response in opposition, dkt. 11, and Mr. Holder replied, dkt. 12.

## I.    Standard of Review

"Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a party seeking default judgment." *Delta Faucet Co. v. Watkins*, No. 1:23-cv-00200-JMS-CDW, 2023 WL 8527092, *1 (S.D. Ind. Dec. 8, 2023). First, the party seeking default must obtain an entry of default from the Clerk under Rule 55(a). *Id.* "Second, after obtaining an entry of default, the [petitioner] may seek an entry of default judgment." *Id.*

"The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Intern., Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Thus, once entered, [t]he defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)." *Id.* The entry of default does not determine the rights of the party, however; "[t]hat role is reserved for a default judgment." *Id.* A district court abuses its discretion if it enters default judgment if the court lacks jurisdiction. *Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996).

The Federal Rules of Civil Procedure apply to habeas cases to the extent they are consistent with habeas procedural rules. *Bleitner v. Welborn*, 15 F.3d 652, 654 (7th Cir. 1994). In the habeas context, entry of a default judgment is disfavored because "[h]abeas corpus is a strong remedy and is therefore reserved . . . for serious rather than merely technical violations of rights." *Id.* Thus, at most, district courts should proceed to the merits of a habeas petition when there has been an extreme violation of court-imposed deadlines rather than enter default judgment. *Id.*

## II.    Discussion

In Mr. Holder's motion for reconsideration, he urges the Court to reconsider its sua sponte second order to show cause and instead direct the clerk to enter default against Respondents under Fed. R. Civ. P. 55(a). Dkt. 9 at 2. He states that it is beyond dispute that Respondents have defaulted

in this proceeding due to their failure to respond to the petition by the December 27 deadline; that Respondents also missed deadlines in *Holder v. United States*, Case No. 2:22-cv-00212-JRS-MG (S.D. Ind. 2022); and that—given that death row inmates have had petitions dismissed for being filed one day late—the principals of equity mandate that the government be held to strict standards when it comes to filing deadlines. *Id.* at 2−3.

James Wood, an Assistant United States Attorney (AUSA) for the Southern District of Indiana, appeared on January 9, 2024, and filed a response in opposition to the motion to reconsider and motion for an extension of the deadline. Dkts. 10, 11. AUSA Wood apologized to the Court for missing the December 27 deadline. He explained that the policy was that an AUSA from the district of conviction, the Eastern District of Missouri, would be handling the § 2241 petition, but that due to a miscommunication and unknown retirement, no one from that district had been assigned the case. *Id.* at 3. AUSA Wood explained that an AUSA from that district will be entering an appearance within the week and responding to the petition. *Id.* Because that AUSA "is getting up to speed on this case[,]" AUSA Wood requests a 45-day extension of the response deadline. *Id.* at 5. Additionally, he argued that default judgment would be inappropriate in this matter since it is an extreme sanction that is disfavored in habeas actions. *Id.* at 3−4.

In reply, Mr. Holder argues that Respondents' focus on default judgment was misplaced because Mr. Holder was only seeking an entry of default. Dkt. 12 at 1. He asks that the Court order the clerk to enter default and require Respondents to move to set aside the default by supplementing their response in opposition with affidavits that provide further details about the mix-up. *Id.* at 2−3.

Mr. Holder's motion for reconsideration, dkt. [9], is **denied**. The Court has the authority to manage deadlines in habeas cases. *Bleitner*, 15 F.3d at 654. Here, the Court recognized a possibility that no one had received electronic service of this particular petition and decided to reissue the

show cause order in this action without requesting briefing from Respondents to explain their failure to appear. Because the Court extended the deadline before Mr. Holder moved for entry of default, such entry is not required under Fed. R. Civ. P. 55(a).

Nor would it be in the interest of justice in this case to enter a default and proceed to the merits of the action without briefing from Respondents, as suggested by the Seventh Circuit in *Bleitner*. First, the Court accepts AUSA Wood's representation that the delay was not in bad faith but was due to a genuine miscommunication. That said, the Court does not condone Respondents' negligence and expects that all parties will be mindful of the deadlines in this case, and that any motions requesting extensions of time will explain the need for an extension. Second, this is a situation where the Court will benefit from briefing from Respondents. *Jones* is a recent opinion, and its impact on death penalty cases remains to be seen. If this Court lacks jurisdiction to hear this case under § 2241, it also lacks jurisdiction to enter default. *See Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (directing district court to dismiss § 2241 petition for lack of jurisdiction when it did not satisfy § 2255(e)'s saving clause); *Swaim*, 73 F.3d at 716. Given the high stakes for both Mr. Holder and the public, the Court prefers to receive briefing and to allow this case to proceed without further delay.

Accordingly, Mr. Holder's motion for reconsideration, dkt. [9], is **denied**, and Respondents' motion for an extension of time, dkt. [11], is **granted**. Respondents will have **through March 29, 2024**, to file their response to the § 2241 petition.

**IT IS SO ORDERED.**

Dated:  January 12, 2024

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel