UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR., | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) No. 2:23-cv-00524-MPB-MKK |
| | ) |
| STEVEN KALLIS, Warden, | ) |
| USP Terre Haute, | ) |
| and | ) CAPITAL CASE |
| UNITED STATES OF AMERICA | ) |
| | ) |
|    Respondents. | ) |

**GOVERNMENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

    The United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Jason S. Dunkel, Special Assistant United States Attorney for said district, files its Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1).

**PROCEDURAL HISTORY**

    On November 14, 2023, Petitioner Norris G. Holder, Jr., filed this petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging his convictions and death sentences for bank robbery resulting in death in violation of 18 U.S.C. § 2113 (a) and (e) (Count One) and for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two). Specifically, he claims the district court lacked jurisdiction because the indictment failed to allege a statutory aggravating factor or intent factor. Petition, pp. 4-9.

1

**I.        Indictment, Conviction, and Direct Appeal**

Petitioner and co-defendant Billie Allen were indicted in 1997, before case law recognized the Fifth Amendment required the indictment to contain at least one statutory aggravating factor and intent factor. *United States v. Allen*, 247 F.3d 741, 761-62 (8th Cir. 2001) ("*Allen I*"); *United States v. Allen*, 406 F.3d 940, 941-42 (8th Cir. 2005) ("*Allen III*"). Following separate trials, they were each convicted of bank robbery resulting in death and use of a firearm in connection with a crime of violence resulting in murder. *Allen I*, 247 F.3d at 755; 18 U.S.C. § 2113(a), (e); 18 U.S.C. § 924(j). Petitioner was sentenced to death on both counts while Allen was sentenced to death on only the Section 924(j) count. *Id.*

On direct appeal, Allen argued that "his sentence was imposed in violation of the Fifth Amendment's Indictment Clause" because the Federal Death Penalty Act did not require the decision to seek the death penalty to be presented to the Grand Jury. *Allen I*, 247 F.3d at 761. Petitioner did not argue that issue on appeal. *See id.* Initially, the Eight Circuit denied Allen's claim. *Id.* at 762 ("[W]e also reject Allen's contention that aggravating factors and mental culpability factors must be alleged in an indictment in order to satisfy the Fifth Amendment.").

The Supreme Court then granted certiorari, reversed the appellate court, and remanded Allen's appeal for reconsideration of the issue in light of *Ring v. Arizona*, 536 U.S. 584 (2002), which held that the Sixth Amendment required the petit jury to find death penalty aggravating factors. *Allen v. United States*, 536 U.S. 953 (2002). On remand, an Eighth Circuit panel initially vacated the death sentence based on the indictment. *United States v. Allen*, 357 F.3d 745 (2004) ("*Allen II*"). The Eighth Circuit, sitting *en banc*, then affirmed the death sentence, finding the indictment deficiency to be harmless. *Allen III*, 406 F.3d at 948 (lack of statutory aggravating factor harmless); *id.* at 949 (lack of mental state factor harmless). Because Petitioner did not raise the issue in his direct appeal, he was not a party to *Allen II* or *Allen III*.

**II.       Post Conviction Claims**

In 2003, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.  *Inter alia*, he claimed structural error in the failure of the indictment to allege a statutory aggravating factor and a mental state factor.  *Holder v. United States*, No. 4:03 CV 923 ERW, 2008 WL 2909648, at *24 (E.D. Mo. 2008).  Holder argued the structural error was a jurisdictional requirement.  Motion to Vacate (Doc. 12), pp. 28-29, *Holder v. United States*, No. 4:03 CV 923 ERW (E.D. Mo. Jun. 8, 2004).  The district court assumed the claim was not procedurally defaulted, found his Fifth Amendment right was violated, concluded the error was not structural, and found it to be harmless due to lack of prejudice.  *Id.* at *25-29.  The district court specifically rejected Petitioner's *Stirone* and *Ex parte Bain* claims that he brings here.  *Id.* at 25 (rejecting claims based on *Stirone v. United States*, 361 U.S. 212 (1960) and *Ex parte Bain*, 121 U.S. 1 (1987)).

The district court issued a certificate of appealability as to this claim.  *Id.* at *55.  The Eighth Circuit affirmed, finding the failure to indict the sentencing factors was error, but not structural error, and was harmless based on the evidence presented to the grandy jury.  *Holder v. United States*, 721 F.3d 979, 998-99 (8th Cir. 2013).  The Supreme Court denied certiorari.  *Holder v. United States*, 577 U.S. 829 (2015).[1]

---

[1] Though not relevant to this appeal, Holder has raised claims in other post-conviction proceedings:

- In 2016, the Eighth Circuit denied permission to bring a successive habeas petition alleging bank robbery is not a crime of violence under *Johnson v. United States*, 576 U.S. 591 (2015).  *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016).

- In 2019, the Eighth Circuit denied permission to bring a successive habeas petition alleging bank robbery is not a crime of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019).  *Holder v. United States*, Case No. 19-3473 (8th Cir. Dec. 11, 2019).

- Two months ago, this Court dismissed a Section 2241 Petition alleging bank robbery is not a crime of violence under *Borden v. United States*, 141 S. Ct. 1817 (2021).  Doc. #33, *Holder v. United States*, Case No. 2:22-CV-00212-JRS-MG (S.D. Ind. Jan. 10,

Having lost these claims in the Eastern District of Missouri and the Eighth Circuit, and following denial of certiorari in the Supreme Court, Petitioner brings these claims to this Court, arguing that the error was jurisdictional. *See* Petition.

## LEGAL ANALYSIS

**I.      The Petition for a Writ of Habeas Corpus should be dismissed.**

Section 2255 is the ordinary route for federal prisoners to collaterally attack their sentences, and therefore Petitioner cannot apply for a writ of habeas corpus under Section 2241 unless he meets the savings clause requirements of Section 2255(e). Because he cannot do so, his claim must be dismissed, as the Supreme Court has recognized in *Jones v. Hendrix*, 599 U.S. 465 (2023).

Petitioner acknowledges his claim would fail if he pursued a Motion to Vacate pursuant to 28 U.S.C. § 2255 in either the Eastern District of Missouri or the Eighth Circuit. Petition, p. 12; *see also*, Petition, pp. 13-14. A motion pursuant to 28 U.S.C. § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A defendant is normally limited to only one challenge of his conviction and sentence under Section 2255. He may file a "second or successive" Section 2255 motion only if the court of appeals certifies that such motion asserts the existence of either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or, (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The one-year time limit of Section 2255(f)(3) applies to successive habeas under Section 2255(h). *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) ("A petitioner has only

---

2024). The dismissal was based on the Court lacking jurisdiction to hear a Section 2241 claim following *Jones v. Hendrix*, 599 U.S. 465 (2023). *Id.*

one year from the date a constitutional right is first recognized by the Supreme Court."). While Holder's claim seeks to apply a constitutional rule of law, he has not identified a "new" rule; his claim is based on Supreme Court cases from 1887, 1959, 1960, and 1986. Petition, pp. 4-6.

Because his claim would be rejected pursuant to Section 2255 if pursued in the Eastern District of Missouri or the Eighth Circuit, he filed the present Petition for Writ of Habeas Corpus in the Southern District of Indiana. To excuse the avoidance of the proper courts, Petitioner cites the Savings Clause of 28 U.S.C. § 2255(e). Petition, pp. 11-12. But, last year, the Supreme Court foreclosed such an end-run around Congress's imposed limitations of Section 2255(f) and (h). *Jones v. Hendrix*, 599 U.S. 465, 477 (2023).

The Supreme Court limited petitioners from pursuing Section 2241 relief for claims that could have been brought through Section 2255. "We now hold that the saving clause does not authorize such an end-run around AEDPA." *Id.* "Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless [§ 2255(h)(1) or (2)] is satisfied." *Id.* at 477-78. The Supreme Court rejected Jones's claim that "§ 2241 is available whenever a prisoner is presently unable to file a § 2255 motion." *Id.* at 482. It rejected that claim because "AEDPA's changes to § 2255 would be entirely futile, as § 2241 would be available any time the second-or-successive restrictions precluded relief. We decline to infer that Congress intended AEDPA's carefully crafted limits on collateral relief under § 2255 to be mere nullities." *Id.* The Supreme Court made clear the situations where a Section 2241 petition is valid: "clear[ly]" when the sentencing court has been dissolved, *id.* at 474; when a prisoner is contesting things wholly unconnected to "the validity of the sentence" (such as denial of parole, calculation of good-time credits, or the imposition of an administrative BOP sanction),

5

*id.* at 475; and "maybe" when a petitioner cannot be transported to the sentencing court, *id.* Petitioner's present claim plainly does not fall into any of these exceptions; he instead attacks "the validity of his sentence." *Id.*

Anticipating that *Jones* forecloses relief, Petitioner argues he is excepted from *Jones* because the trial court lacked jurisdiction over the offense because it was improperly indicted. Petition, pp. 13-14. Section 2255, according to Petitioner, is "inadequa[te] … to correct the jurisdictional defect." *Id.*, p. 13. But attacks on the jurisdiction of the court are at the heart of Section 2255. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground … that the court was **without jurisdiction** to impose such sentence … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Petitioner's argument about Section 2255's inadequacy is further weakened by the fact that he presented his structural-error indictment-deficiency argument to the Eastern District of Missouri on his original Motion to Vacate, which addressed the claim on the merits and denied it on harmlessness grounds. *Holder*, 2008 WL 2909648, *24. The Eighth Circuit then affirmed this determination. *Holder*, 721 F.3d at 998-99. The Supreme Court then denied certiorari. *Holder*, 577 U.S. at 829.[2]

The Savings Clause does not allow petitioners to proceed with Section 2241 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

---

[2] The Petition should also be dismissed on law-of-the-case principles because Petitioner seeks this Court to overturn the legal holding of the Eighth Circuit. The Seventh Circuit recognized that "law of the case" principles prevent (1) the use of Section 2255 to overturn a holding from the direct appeal, (2) the use of Section 2241 to overturn a holding from the direct appeal, (3) the use of Section 2255 to overturn a holding of a prior Section 2255 proceeding, or (4) the use of Section 2241 to overturn the holding of a prior Section 2241 proceeding. *White v. United States*, 371 F.3d 900, 902-03 (7th Cir. 2004) (citing 28 U.S.C. § 2255, ¶ 8 (now § 2255(h)); 28 U.S.C. § 2244; and various cases). The same principles apply to prevent a Section 2241 proceeding from overturning the holding of a fully litigated Section 2255 proceeding. *See* 18 U.S.C. § 2255(e).

him, *or that such court has denied him relief*, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). Petitioner has applied for such relief and has been denied. Section 2255 was adequate to test the trial court's jurisdiction. 28 U.S.C. § 2255(a). Therefore, relief by Section 2241 is foreclosed and the Petition should be dismissed. "[T]he savings clause does not authorize such an end-run around AEDPA. … Any other reading would make AEDPA curiously self-defeating." *Jones*, 599 U.S. at 477, 479. "Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." *Id.* at 480. His claim falls under neither Section 2255(h) exception.

## II. Petitioner's argument—that the indictment defect was jurisdictional and therefore unwaivable—fails.

As argued above, the Petition should be dismissed regardless of whether the indictment deficiency was a jurisdictional defect. But it is also clear that the indictment defect was harmless, and Supreme Court case law clearly establishes that it was non-jurisdictional. Thus, this Court should reject the exception to *Jones v. Hendrix* that Petitioner invites this Court to create.

Petitioner gives primacy to *Ex parte Bain*, 121 U.S. 1 (1887), arguing an indictment defect is jurisdictional because "a federal district court has no jurisdiction to convict or sentence a defendant for a capital crime that has not been charged in an indictment returned by a grand jury." Petition, at 1 (citing *Ex parte Bain*, 121 U.S. at 10); *see also id.* at 5, 8. This reliance is problematic because "*Bain*'s elastic concept of jurisdiction is not what the term 'jurisdiction' means today, i.e., 'the courts' statutory or constitutional power to adjudicate the case.'" *United States v. Cotton*, 535 U.S. 625, 630 (2002). "Insofar as it held that a defective indictment deprives a court of jurisdiction, *Bain* is overruled." *Id.*

7

To try to cure *Bain*'s shortcomings, Petitioner relies on *Smith v. United States*, 360 U.S. 1 (1959) to buttress the claim of a jurisdictional defect. Petition at 8. This is problematic for two reasons. First, *Smith* merely holds that a capital case cannot proceed by Information and must be charged by Indictment under Rule 7. *Id.* at 10. As Petitioner was not charged by Information, there was no Rule 7 error in his prosecution. More importantly though, *Smith* is completely at odds with modern notions of the Fifth Amendment and indictment requirements. In *Smith*, the Supreme Court conducted collateral review of a non-capital sentence for kidnapping. *Id.* at 2-4. At the time, the kidnapping statute allowed a penalty of up to life imprisonment if the victim was "liberated unharmed" and a penalty of death otherwise. *Id.* at 7. In a holding that would be antithetical to today's understanding of the Fifth Amendment, the *Smith* Court held that the capital offense is properly charged even if the indictment does not allege the victim was not liberated unharmed. *Id.* at 8 ("In other words, when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, even though the evidence later establishes that such a verdict cannot be sustained because the victim was released unharmed."). The indictment in Petitioner's case was very much in line with the holding of *Smith*, which did not require sentencing enhancements triggering the death penalty to be charged in the indictment.[3]

What Petitioner really complains about here is not *Smith* error, but *Smith*'s Rule 7 holding as buttressed by the *Jones v. United States* rule on indicting factors that raise a statutory maximum. 526 U.S. 227, 243 n.6 (1999). In *Jones v. United States*,[4] the Supreme Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth

---

[3] In fact, *Smith* directly rejected Petitioner's argument, a similar version of which was advanced in the dissenting arguments of three justices. 360 U.S. at 12 (Clark, J., concurring in part and dissenting in part).

[4] Referred to as "*Jones v. United States*" to avoid confusion with *Jones v. Hendrix*.

Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 526 U.S. at 243 n.6. *Jones v. United States*, decided one year after Petitioner was sentenced to death, was the genesis of the Eighth Circuit's holding in *Allen III* that the statutory factors must be charged in the indictment. *Allen III*, 406 F.3d at 942-43.

Petitioner cannot recognize *Jones v. United States* as the source of his claim, however, and does not even cite it in his Petition. This is because the Supreme Court has already found errors under *Jones v. United States* to be non-jurisdictional. *Cotton*, 535 U.S. at 630-631. *Cotton*, which corrected *Ex parte Bain*'s expansive use of the term "jurisdictional," recognized that "[p]ost-*Bain* cases confirm that defects in an indictment do not deprive a court of its power to adjudicate a case." *Id.* at 630. Relying on pre-*Smith* Supreme Court decisions, it ruled that whether "'the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" *Id.* at 631 (quoting *United States v. Williams*, 341 U.S. 58 (1951)). This is because "***a district court 'has jurisdiction of all crimes cognizable under the authority of the United States*** ... [and] [t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'" *Id.* at 630-31 (emphasis added) (brackets in original) (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)). Therefore, the U.S. District Court for the Eastern District of Missouri had jurisdiction over the bank robbery resulting in death that Petitioner committed.[5]

---

[5] Petitioner's Prayer for Relief seeks the Court to vacate not only his sentence, but also his conviction. Petition, at 15. But his arguments only go to the Court's ability to impose the sentence of death as a result of the omission of statutory factors. Even if his arguments were to prevail, there is no question the trial court had jurisdiction over the offense of bank robbery resulting in death and, therefore, no reason to vacate the conviction itself.

9

Therefore, the Supreme Court has recognized the indictment defect is non-jurisdictional. The Eighth Circuit was correct in holding that the defect in Petitioner's indictment was non-structural and subject to harmless error review.  *Allen III*, 406 F.3d at 948.   Petitioner's pleas—for this Court to create an exception to *Jones v. Hendrix* because he alleges a jurisdictional defect in the original prosecution—fails.  Therefore, the Court must dismiss the petition for lack of subject matter jurisdiction. *See Jones,* 599 U.S. at 477–80.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*/s/ Jason S. Dunkel*
JASON DUNKEL, #65886(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
Jason.Dunkel@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                            */s/ Jason S. Dunkel*
                                            JASON DUNKEL, #65886(MO)
                                            Assistant United States Attorney