UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br>    *Petitioner*,<br><br>v.<br><br>STEVEN KALLIS, Warden,<br>USP Terre Haute,<br>      and<br>UNITED STATES OF AMERICA,<br><br>    *Respondents*. | Case No. 2:23-cv-524-MPB-MKK<br><br>**DEATH PENALTY CASE** |

**PETITIONER'S RESPONSE IN OPPOSITION TO
THE GOVERNMENT'S MOTION TO DISMISS**

Petitioner, Norris G. Holder, Jr., by and through undersigned counsel, hereby submits the following Response in Opposition to the government's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 15).

For the past 27 years, Mr. Holder has been unlawfully imprisoned on federal death row as a result of having been tried, convicted, and sentenced on capital offenses for which he was never indicted and by a court that lacked subject matter jurisdiction to preside over a capital case. In his Petition, Mr. Holder detailed how the indictment against him alleged none of the aggravating circumstances or intent factors required, under 18 U.S.C. § 3591(a)(2) and 18

U.S.C. § 3592(c) and the Fifth Amendment's Indictment Clause, to convey jurisdiction on the district court to conduct a capital proceeding. (ECF No. 1 at 11–15). Mr. Holder demonstrated that it is firmly rooted in the history and tradition of American jurisprudence that an indictment which fails to charge a capital offense does not give the district court jurisdiction "to hear evidence or pronounce [a death] sentence." (*Id.* at 1, 9–15 (quoting *Ex parte Bain*, 121 U.S. 1, 10 (1887)). Mr. Holder further established that 28 U.S.C. § 2241 is the appropriate mechanism to challenge his illegal capital convictions and death sentences. (*Id.* at 15–20).

The government largely ignores Mr. Holder's arguments and predicates its Motion to Dismiss on the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023). (ECF No. 15 at 4–7). In so moving, the government fails to address Mr. Holder's detailed discussion in his Petition (reiterated below), explaining that *Jones* does not prevent him from seeking relief under § 2241. The government fails to acknowledge both the long-settled principle that subject matter jurisdiction is foundational and may be examined at any time, and the unusual circumstances that make it impossible for Mr. Holder to seek relief on jurisdictional grounds from the sentencing court. Likewise, the government elides the full scope of Mr. Holder's claim, which challenges not simply the imposition of his death sentences, but also their execution. In so doing, the government bypasses the crux of this litigation: the district court was never vested with subject matter jurisdiction to preside over a capital case.

2

This Court should deny the government's Motion to Dismiss and grant Mr.

Holder habeas relief from his invalid capital convictions and death sentences.

## I.    *Jones* Does Not Bar Mr. Holder From Seeking Relief Under 28 U.S.C. § 2241.

The government argues that the Supreme Court's decision in *Jones v.*

*Hendrix* precludes Mr. Holder from seeking habeas relief under § 2241. That

decision does limit the availability of § 2241 relief, but it does not eliminate §

2255(e)'s "saving clause" altogether, nor does it alter the traditional

understanding of habeas corpus as a remedy to challenge the trial court's

jurisdiction. *Jones*, 599 U.S. at 469–81; *see also id.* at 483–85 (citing *Brown v.*

*Davenport*, 142 S. Ct. 1510 (2022) and *Ex Parte Siebold*, 100 U.S. 371 (1880)). On

this point, the Supreme Court was clear: "After AEDPA, as before it, the saving

clause preserves recourse to § 2241 in cases where unusual circumstances make it

impossible or impracticable to seek relief in the sentencing court, as well as for

challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

The claim Mr. Holder advances in this Court fits squarely within the parameters

of *Jones*.

### A.    **Section 2241 must be available for a federal prisoner to assert a challenge to the sentencing court's subject matter jurisdiction when § 2255 is not.**

It is well-settled that a court's lack of subject matter jurisdiction may be

raised at any time. *See, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)

("Subject-matter jurisdiction can never be waived or forfeited. The objections

may be resurrected at any point in the litigation[.]"); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *Cf. U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 77 (1988) ("The distinction between subject-matter jurisdiction and waivable defenses is not a mere nicety of legal metaphysics. It rests instead on the central principle of a free society that courts have finite bounds of authority[.]"). The government itself stresses that § 2255(a) contemplates collateral relief on the grounds "that the court was without jurisdiction to impose such sentence." (ECF No 15 at 6 (quoting 28 U.S.C. § 2255(a)). And *Jones* recognized that § 2255's saving clause is still available—allowing recourse under § 2241—in the highly unusual circumstances where it is impossible for a prisoner to seek relief under § 2255. 599 U.S. at 478. In other words, putting *Jones* and § 2255 together makes clear that a prisoner who cannot challenge the sentencing court's subject matter jurisdiction under § 2255 must be allowed to do so under § 2241.

Mr. Holder's Petition explained how these principles fit together in his case. The district court lacked jurisdiction to conduct a capital proceeding or enter a death sentence because the indictment failed to include statutory aggravators or intent factors. Mr. Holder should be able to assert his jurisdictional challenge under § 2255(a) at any time. But he cannot, because § 2255(h) bars him from filing a second motion under that statute except under limited circumstances that do not include a jurisdictional challenge. *Jones* recognizes this situation as presenting extraordinary circumstances under which

the remedy by motion is, in fact, inadequate or ineffective to test the legality of Mr. Holder's convictions and death sentences. *See Jones*, 599 U.S. at 474–77.

The government's Motion to Dismiss offers no meaningful response to Mr. Holder's Petition. The government ignores the necessity of a party's ability to raise a jurisdictional defect at any time, even as it claims jurisdictional challenges lie "at the heart of section 2255." (ECF No. 15 at 6). The government further ignores *Jones's* recognition that the saving clause exists to remedy certain exceptional circumstances—including a jurisdictional defect.

**B.      Section 2241 is the appropriate mechanism for Mr. Holder to challenge the execution of his sentence.**

The government's Motion ignores another defining feature of Mr. Holder's claim for relief that takes it outside *Jones's* limitations. While the government attempts to cast Mr. Holder's present claim as an "attack [on] 'the validity of his sentence,'" (ECF No. 15 at 6), the Petition challenges the trial court's jurisdiction to conduct a capital trial in the first place, an issue that affects not only the imposition but also the execution of Mr. Holder's death sentences. (ECF No. 1 at 19–21).

In *Jones,* the Supreme Court recognized that a habeas petition under § 2241 has always been and is still available for a prisoner to allege that he "is being detained in a place or manner not authorized" by the applicable law. 599 U.S. at 475. The Court also made clear that prisoners may continue to avail themselves of § 2241 "for challenges to detention other than collateral attacks on a sentence."

*Id.* at 478. Mr. Holder's Petition alleges that he is being confined in the Special Confinement Unit at the United States Penitentiary in Terre Haute, which is comprised exclusively of male prisoners sentenced to death. (ECF No. 1 at 19 (citing *Kadamovas v. Director, Fed. Bureau of Prisons*, Case No. 2:23-cv-22 (S.D. Ind., Jan 12, 2023)). He also faces execution, an extreme sanction that should not be available given the trial court's lack of jurisdiction to impose a death sentence.

In sum, § 2241 is the appropriate mechanism for Mr. Holder to challenge the jurisdiction of the district court to convict him of capital charges and sentence him to death where the indictment did not present a capital charge. *Jones* does not prevent this Court from considering Mr. Holder's Petition. Mr. Holder presents a claim for relief that falls neatly within the exceptions outlined in *Jones*. The government fails to address or acknowledge these unique and untenable circumstances. This Court should deny the government's Motion to Dismiss.

## II.   The Government Fails to Engage with the Substance of Mr. Holder's Claim for Relief.

As discussed, Mr. Holder's Petition alleged that he was never indicted for a capital crime, and therefore the district court lacked subject matter jurisdiction to conduct a capital trial or impose a death sentence. The government does not dispute the substance of Mr. Holder's claim. The government does not dispute that the indictment failed to charge Mr. Holder with a capital crime. Nor does the

government contend that indictment can be waived in a capital case. Instead, the government characterizes Mr. Holder's claim as the same "structural-error indictment deficiency argument" raised and rejected in Mr. Holder's § 2255 proceedings and urges dismissal on "law of the case" grounds. (ECF No. 15 at 3, 6). This argument is simply wrong; the claim Mr. Holder raises now is entirely different from the one asserted in his § 2255 motion.

In his § 2255 motion, Mr. Holder raised a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002). That claim alleged that because the indictment failed to allege a statutory aggravating factor, it violated the Fifth Amendment's Indictment Clause. *Holder v. United States*, No. 4:03-cv-923-ERW, ECF No. 13 at 3–4, 28–29 (E.D. Mo. June 8, 2004). The Eighth Circuit agreed but determined that the error was not structural and did not warrant relief. *See Holder v. United States*, 721 F.3d 979, 998–99 (8th Cir. 2013) (citing *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005)). The court determined that the failure to present statutory aggravators to the grand jury did not violate the Indictment Clause because a "rational grand jury" would have found sufficient evidence to include the aggravators in the indictment if given the opportunity to do so. *See id.*

The claim Mr. Holder now advances is different. He alleges that regardless of what a hypothetical "rational grand jury" might have done, his grand jury did not include either statutory aggravating factors or statutory intent factors in the indictment, and therefore did not charge him with a federal capital crime. As a

result, the district court lacked subject matter jurisdiction to try Mr. Holder on capital charges or to impose a sentences of death.

The Fifth Amendment commands, in no uncertain terms, that a capital prosecution can only proceed by indictment. *See* U.S. Const., amend. V. ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury."); *see also* Fed. R. Crim P. 7(a)(1)(A) ("An offense . . . must be protected by an indictment if it is punishable by death."). Under *Ex parte Bain*, 121 U.S. 1 (1887), and *Smith v. United States*, 360 U.S. 1 (1959), the failure to include the aggravating circumstances and intent factors required to make Mr. Holder eligible for the death penalty resulted in the failure to indict him for a capital offense, thus leaving the district court without jurisdiction to conduct a capital trial or to impose a death sentence.

Contrary to the government's terse assessment, Mr. Holder has never challenged the district court's jurisdiction prior to the present proceeding. It is one thing to argue that an indictment was missing language, but it is a far different thing to argue that the court lacked jurisdiction.

The government insists that Mr. Holder's Petition "seeks to overturn the legal holding of the Eighth Circuit" in his § 2255 appeal. (ECF No. 15 at 6 n.2). In support of this position, the government relies on the Seventh Circuit's decision in *White v. United States*, 371 F.3d 900, 902–03 (7th Cir. 2004) for the principle that a § 2241 proceeding cannot overturn the holding of a fully litigated § 2255 proceedings. *White*, however, has no bearing on this case, which presents an

8

entirely different claim from that raised in Mr. Holder's § 2255 motion. Furthermore, as noted above, the Eighth Circuit found that Mr. Holder's indictment was, in fact, constitutionally defective and violated the Fifth Amendment. *See Holder*, 721 F.3d at 998–99.

The government next contends that *Smith* is inapplicable because Mr. Holder was not charged by means of an Information. (ECF No. 15 at 8). This argument, too, misses the mark. In *Smith*, the Supreme Court held that "[u]nder our view of Rule 7(a), the United States Attorney did not have authority to file" an information and that any waivers made of the indictment requirement "did not confer power on the convicting court to hear the case." 360 U.S. at 10 (citing *Ex parte Wilson*, 114 U.S. 417 (1885)). The point of *Smith* was not to limit relief to defendants improperly charged by information, but rather to confirm the jurisdictional nature of the indictment requirement for capital proceedings. Because Mr. Holder's indictment lacked all essential elements required to charge him with a capital crime, the district court was simply without jurisdiction to preside over any capital proceeding against Mr. Holder. (ECF No. 1, at 10–14).

The government also misplaces its reliance on *United States v. Cotton*, 535 U.S. 625 (2002), a non-capital case that speaks to defective indictments charging non-capital crimes. (ECF No. 15 at 7–9). As Mr. Holder explained in his Petition, *Cotton* relied on *Lamar v. United States*, 240 U.S. 60 (1916) and *United States v. Williams*, 341 U.S. 56, 66 (1951), two non-capital cases that predated both *Smith* and the Federal Death Penalty Act of 1994. (ECF No. 1 at 13–14). Nothing in

9

*Cotton* undermines *Smith's* holding that a nonwaivable defect in an indictment is jurisdictional and can be raised at any time. Indeed, the government does not even attempt to reconcile *Cotton* with *Smith*, nor does it address the fact that both Congress (through Rule 7) and the framers (through the Indictment Clause of the Fifth Amendment) plainly intended that a proper indictment be the only mechanism through which a person can be held to answer for a capital offense.

The government also announces, without citation to authority, that Mr. Holder's claim is "non-jurisdictional." (ECF No. 15 at 7, 10). It is difficult to grasp what the government means, and Mr. Holder will not yet again repeat the jurisdictional nature of his claim. (*See* ECF No. 1, at 4–6). As he did in the Petition, he refers this Court to *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021), a case concerning the waivability of certain rights, in which the Seventh Circuit cited *Smith* as an example of how "Congress knows how to create certain non-waivable rights for the accused when it wishes." 995 F.3d at 597.

Again, this is the first time Mr. Holder has raised this jurisdictional claim, and it is a claim that can be raised at any time. *See Gonzalez*, 565 U.S. at 141. Moreover, courts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *See Arbaugh v. Y&H Corp.*, 546 U.S. at 514.

The Supreme Court's recent decision in *McIntosh v. United States*, 601 U.S. 330 (2024) is instructive. In a unanimous opinion, Justice Sotomayor held that a federal criminal procedure rule generally requiring a district court to enter

a preliminary order of forfeiture in advance of sentencing is a time-related directive that, if missed, does not deprive the judge of jurisdiction to later order forfeiture against the defendant. 601 U.S. at 345. In reaching that determination, the *McIntosh* Court reviewed three types of limits imposed on federal courts: (1) jurisdictional deadlines; (2) mandatory claim-processing rules; and (3) time-related directions. *Id.* at 337 (citing *Dolan v. United States*, 560 U.S. 605, 610–11 (2010)). The Court distinguished the federal criminal procedural rule at issue from a jurisdictional limit because it "'does not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms.'" *Id.* (quoting *Musacchio v. United States*, 577 U.S. 237, 246 (2016)). Jurisdictional limits, the Court explained, are rare; in the absence of jurisdiction, the court "is completely powerless to take any relevant action[.]" *Id.* Here, because Mr. Holder was not indicted for a capital crime, the district court was powerless to preside over a capital proceeding or to impose a death sentence.

Finally, the government asserts that any relief to which Mr. Holder is entitled should extend only to his death sentences. (ECF No. 15 at 9 n.5). But the government overlooks the many ways in which Mr. Holder's convictions were also impacted by the district court's improper convening of a capital proceeding. For example, Mr. Holder's jury had to be "death qualified," a process that has been amply shown to discriminate against jurors of color. *See, e.g.*, Judith D. Levinson, et al., *Devaluing Death: An Empirical Study of Implicit Racial Bias on Jury-Eligible Citizens in Six Death Penalty States*, 89 N.Y.U. L. Rev. 513 (2014).

Mr. Holder was in fact tried by an all-white jury. The district court conducted a capital proceeding, from beginning to end, over which it lacked subject matter jurisdiction. Mr. Holder's convictions and death sentences must be vacated.

## CONCLUSION

For the foregoing reasons, Mr. Holder respectfully requests that the Court deny the Government's Motion to Dismiss. (ECF No. 15). This Court should allow Mr. Holder to proceed under 28 U.S.C. § 2241 and grant him habeas relief from his invalid capital convictions and death sentences.

Dated: July 3, 2024                      Respectfully Submitted,

                                         LISA G. PETERS
                                         FEDERAL DEFENDER

                                         /s/ Eliza Meredith
                                         Eliza Meredith (NC Bar#58788)
                                         Assistant Federal Public Defender
                                         Capital Habeas Unit
                                         Federal Public Defender's Office
                                         1401 West Capitol, Suite 490
                                         Little Rock, Arkansas 72201
                                         (501) 324-6114 (phone)
                                         (501) 324-5630 (fax)
                                         eliza_meredith@fd.org

                                         *Counsel for Norris G. Holder, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 3, 2024, a copy of the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all counsel or record.

<u>/s/Eliza Meredith</u>
Eliza Meredith