UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00524-MPB-MKK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| STEVEN KALLIS Warden, USP Terre Haute, | ) | |
| | ) | |
| Respondents. | ) | |

**Order Granting Motion to Dismiss**

Norris Holder was sentenced to death in the Eastern District of Missouri for an armed robbery in which security guard Richard Heflin was killed. After pursuing direct appeal and post-conviction remedies, Mr. Holder brought this 28 U.S.C. § 2241 petition for a writ of habeas corpus. The United States has moved to dismiss the petition arguing that this Court lacks jurisdiction under *Jones v. Hendrix*, 599 U.S. 465 (2023), but Mr. Holder argues that the holding in *Jones* does not apply to his jurisdictional challenge. For the reasons below, the government's motion to dismiss, dkt. [15], is **GRANTED**.

**I.      Background**

In 1997, a federal grand jury in the Eastern District of Missouri returned an indictment charging Mr. Holder and Billie Jerome Allen with one count of bank robbery resulting in death in violation of 18 U.S.C. § 2113(a) and (e), and one count of carrying a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c) and (j). Mr. Holder was convicted and sentenced to death on both counts. *See Holder v. United States*, 721 F.3d 979, 985 (8th Cir. 2013).

1

On direct appeal, a divided panel of the Eighth Circuit issued a single decision affirming Mr. Holder's and Mr. Allen's convictions and death sentences. *United States v. Allen,* 247 F.3d 741 (8th Cir. 2001). The United States Supreme Court denied Mr. Holder's petition for certiorari. *Holder v. United States*, 539 U.S. 916 (2003).

Mr. Allen also petitioned the Supreme Court for certiorari. An issue Mr. Allen raised challenging the failure to charge aggravating factors in the indictment resulted in a remand by the Supreme Court and a subsequent grant of relief from the Eighth Circuit. *Allen v. United States*, 536 U.S. 956 (2002); *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004), *rev'd en banc* 406 F.3d 940 (8th Cir. 2005). On rehearing en banc, the Eighth Circuit agreed that the indictment in this case was constitutionally defective and violated the Fifth Amendment. *See Allen*, 406 F.3d at 943. The Eighth Circuit concluded, however, that "the failure to [include aggravating factors] in this pre-*Ring* case was harmless beyond a reasonable doubt." *Id.* at 949. The Eighth Circuit reached this harmless-error determination by concluding that the grand jury would have indicted Mr. Allen on statutory aggravating factors if it had been asked to do so. *Id.* at 947–49.

Mr. Holder subsequently moved pursuant to 28 U.S.C. § 2255 for the district court to vacate his conviction and sentence. Mr. Holder raised three grounds for relief, including a claim that the indictment failed to allege a single statutory aggravating factor in violation of the Indictment Clause of the Fifth Amendment. The district court denied Mr. Holder's § 2255 motion on all claims. *Holder v. United States,* 2008 WL 2909648 (E.D. Mo. Jul. 22, 2008). Mr. Holder moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the district court's judgment, and the district court denied that motion as well. *Holder v. United States,* 2009 WL 5030785 (E.D. Mo. Dec. 14, 2009).

In July 2013, Mr. Holder appealed the district court's denial of his § 2255 motion and the Rule 59(e) motion to the Eighth Circuit. The panel relied on the en banc decision in Mr. Allen's case, holding "that it is error not to charge the aggravating factors for capital punishment in the indictment, but that the error is not structural and is thus subject to harmless-error analysis." *Holder v. United States*, 721 F.3d 979, 999 (8th Cir. 2014) (citing *Allen*, 406 F.3d at 943). The Eighth Circuit explained:

> For at least the reason that the same grand jury that returned Allen's indictment also returned Holder's indictment based on the same evidence and for the same charges, "we see no realistic possibility that [Holder's] grand jury would have declined to charge a statutory aggravating factor or the mens rea requirement in order to avoid exposing [Holder] to the death penalty."

*Id.* (quoting *Allen*, 406 F.3d at 949). The Eighth Circuit affirmed the district court's denial of Mr. Holder's Rule 59(e) motion in all respects. On October 5, 2015, the Supreme Court denied certiorari. *Holder v. United States*, 136 S. Ct. 34 (2015).

Mr. Holder's application for leave to file a successive § 2255 motion was denied. *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016).

Mr. Holder then filed a 28 U.S.C. § 2241 petition in this Court, in which he argued that his § 924(c)(1)(A) and (j)(1) convictions must be vacated because bank robbery is not a crime of violence under § 924(c)(3). *Holder v. United States, et al.*, 2:22-cv-00212-JRS-MG, dkt. 1 at 18−30 (S.D. Ind. May 31, 2022). The Court granted the United States' motion to dismiss, finding it lacked jurisdiction under *Jones*. *Id.* at dkts. 33, 34 (S.D. Ind. Jan. 10, 2024).

Mr. Holder filed the instant § 2241 petition on November 14, 2023. Dkt. 1. Mr. Holder argues that he is entitled to relief because the district court lacked subject matter jurisdiction to try him on capital charges and impose sentences of death because the grant jury did not indict Mr. Holder on any capital crimes. *Id.* at 4-8. He posits that *Jones* does not mandate a contrary result

3

because his case presents "highly unusual circumstances in which the sentencing court lacked jurisdiction to adjudicate a capital case." *Id.* at 18.

Mr. Holder also argues that § 2241 remains available because he "challenges both the imposition and the execution of his death sentences based on the district court's lack of jurisdiction." *Id.* at 19. He argues that he is unlawfully being held in the Special Confinement Unit at the US Penitentiary in Terre Haute, which is comprised exclusively of male prisoners sentenced to death who lack opportunities to socialize or pursue rehabilitative programming. *Id.* at 19-20 (citing *Kadamovas v. Director, Federal Bureau of Prisons*, No. 2:23-cv-22-MPB-MKK).

On December 23, 2024, President Biden commuted the death sentences of 37 individuals on federal death row, including Mr. Holder.[1] *Kadamovas*, No. 2:23-cv-22-MPB-MKK at dkt. 147-2 at 1, 3 (Fact Sheet: President Biden Commutes the Sentences of 37 Individuals on Death Row).

## II.      Discussion

### A. Statutory Framework

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress placed limitations on a federal prisoner's ability to bring a § 2255 action. First, such action can only be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). Second, a federal prisoner is limited to bringing one § 2255 motion, unless the court of appeals for the district where the action is filed determines that a second or successive motion contains:

---

[1] Neither party filed anything regarding the commutation in this action. *See* docket. Because Mr. Holder challenges both his conviction and sentence, the Court assumes for purposes of the petition and motion to dismiss that these proceedings have not been rendered moot by the commutation. *See Dennis v. Terris*, 927 F.3d 955 (6th Cir. 2019) (holding presidential commutation did not render habeas action moot where success on habeas could reduce his sentence).

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack under § 2255. A petitioner may seek relief by filing a § 2241 habeas corpus petition if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is referred to as the "saving clause." *See Jones*, 599 U.S. at 469.

**B. Seventh Circuit Precedent Pre-*Jones***

Before June 2023, the Seventh Circuit and other courts had applied the saving clause to allow an individual to attack his conviction or sentence in a § 2241 petition if this vehicle was the only "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

The Seventh Circuit had identified three sets of claims that satisfy § 2255(e)'s saving clause. *See Davenport*, 147 F.3d at 611–12 (claim based upon new statutory interpretation made retroactive by Supreme Court); *Webster*, 784 F.3d at 1140 (claim relying on newly available evidence that existed at the time of trial and could show that petitioner is categorically ineligible for death penalty); *Garza v. Lappin*, 253 F.3d 918, 920–21 (7th Cir. 2001) (claim based on ruling of international tribunal issued after petitioner's original § 2255 motion had been resolved). The Seventh Circuit later clarified that these categories did not "rigidly describe the outer limits" of

5

claims that might satisfy the saving clause. *Purkey v. United States*, 964 F.3d 603, 611−12 (7th Cir. 2020).

### C.    *Jones v. Hendrix*

In *Jones*, the Supreme Court held that the plain language of § 2255(h) limits a federal prisoner from filing a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or a "new rule of constitutional law," § 2255(h)(2), and that the limitation on second or successive motions does not render § 2255 "inadequate or ineffective" such that a prisoner may seek relief under § 2241 due to a favorable interpretation of statutory law after his first § 2255 was resolved. 599 U.S. at 469−70. The Court thus abrogated *Davenport* and precedent from other circuits that had permitted petitioners to bring statutory claims under § 2241.

In doing so, the Court held that § 2255(e) does not expand § 2255(h)'s narrow exceptions for when a petitioner may bring a second or successive collateral attack on his conviction or sentence:

> Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied. . . . The saving clause does not undermine this strong negative inference.

*Jones*, 599 U.S. at 477−78.

Thus, if § 2255(h) is the only obstacle to a petitioner bringing a collateral attack on his conviction or sentence in a § 2255 motion, then § 2255(e) does not permit the petitioner to instead bring the collateral attack in a § 2241 petition. *Jones*, 599 U.S. at 478 ("Basic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes.").

6

As the Court explained in *Jones*, a § 2241 petition may be used for a collateral attack on a sentence or conviction only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. The Court observed that "[t]he clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* (citing cases where court-martial, the District Court of the Canal Zone, and an Alaska territorial court were dissolved); *see also id.* at 494 (J. Jackson, dissenting) ("[T]he majority is also wrong to interpret § 2255(e) . . . as if Congress designed that provision to filter potential habeas claims through the narrowest of apertures, saving essentially only those that a court literally would be unable to consider due to something akin to a natural calamity.").

### D. Mr. Holder's Petition

Mr. Holder suggests two paths for this Court to adjudicate his 28 U.S.C. § 2241 petition. First, he argues that the absence of jurisdiction is among the most fundamental and non-waivable defects that the writ of habeas corpus is meant to remedy. Dkt. 1 at 15-18. Second, he argues that he is challenging the "execution" of his death sentence, in addition to its imposition, and § 2241 is generally available to challenge the execution of a sentence. *Id.* at 19-20. The latter claim has clearly been rendered moot by the commutation of Mr. Holder's sentence to life. Thus, the Court addresses only the first argument.

Mr. Holder argues that habeas corpus has long been available to prisoners seeking to challenge the jurisdiction of the court in which they were tried and sentenced. Dkt. 1 at 15 (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1522 (2022) and *Ex Parte Siebold*, 100 U.S. 371 (1880)). He further argues that under Supreme Court precedent, the issue of subject matter jurisdiction can never be waived and can be resurrected at any time. *Id.* (citing *Gonzalez v. Thaler*, 565 U.S. 134,

141 (2012)). Mr. Holder argues that § 2241 is the proper procedural vehicle because the sentencing court's lack of jurisdiction was itself an unusual circumstance that made it impossible for him to seek relief in that court. Dkt. 1 at 18 ("Seeking relief from a court that lacked jurisdiction to preside over the case is a perplexing and highly unusual circumstance.").

This argument ignores the fact that such a challenge is expressly authorized under § 2255(a): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . ." *See also Daigle v. Kallis*, 2023 WL 10450157 (7th Cir. Nov. 13, 2023) (unpublished) (upholding dismissal of § 2241 in which petitioner challenged North Dakota district court's jurisdiction to hear his case, observing that "[a] court, however, always has jurisdiction to determine its own jurisdiction, and a court's ruling on jurisdiction is protected against collateral attack in the same manner as other rulings"). Where § 2255 explicitly provides that a petitioner may lodge a jurisdictional challenge, it is clear that this claim is not one of the "unusual circumstances" contemplated by the Supreme Court that would permit a federal prisoner to use § 2241. *Jones*, 599 U.S. at 478. Further, Mr. Holder's argument that a jurisdictional challenge can be raised at any time contradicts the Supreme Court's rationale in *Jones* that AEDPA's restrictions on second or successive collateral attacks were meant to strike "the appropriate balance between finality and error correction." *Jones*, 599 U.S. at 491.

Further, although Mr. Holder now frames his argument as the district court lacking subject matter jurisdiction over his case at all, he already challenged the deficient indictment in his original § 2255 Motion in the Eastern District of Missouri. That court addressed the argument on the merits and dismissed it on harmlessness grounds. *Holder*, 2008 WL 2909648, *24. The Eighth Circuit affirmed the district court, *Holder*, 721 F.3d at 998-99, and the Supreme Court denied certiorari,

*Holder*, 577 U.S. at 829. Even before *Jones*, the saving clause was not intended to give a petitioner another opportunity for collateral review in a different circuit because he was disappointed in the result of the proceedings in the circuit of his conviction. *See Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021) ("Section 2241 is not a means to get a second opinion in a different circuit.").

Mr. Holder therefore cannot rely on the saving clause as a path to litigate his § 2241 petition in this Court. The motion to dismiss for lack of jurisdiction is granted.

### III.    Conclusion

For the foregoing reasons, the United States' motion to dismiss, dkt. [15], is **GRANTED**, and Mr. Holder's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Dated:  February 19, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel