

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

April 22, 2025

Eliza Meredith
Federal Public Defender, Eastern District of Arkansas
1401 West Capitol Avenue
Suite 490
Little Rock, AR 72201

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

RE:  NORRIS G. HOLDER, JR. v. UNITED STATES OF AMERICA

CAUSE NO:  2:23-cv-00524-MPB-MKK

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:23-cv-00524-MPB-MKK has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Kristine L. Seufert
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

**THE SETTLEMENT CONFERENCE PROGRAM**
**U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br>    *Petitioner*,<br><br>v.<br><br>STEVEN MERENDINO, Warden,<br>USP Terre Haute,<br>         and<br>UNITED STATES OF AMERICA,<br><br>    *Respondents*. | Case No. 2:23-cv-524-MPB-MKK<br><br>**DEATH PENALTY CASE** |

## NOTICE OF APPEAL

Petitioner, Norris G. Holder, Jr., by and through undersigned counsel, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment and order denying his Petition for Writ of Habeas Corpus, entered in this action on February 19, 2025 (ECF Nos. 24, 25).

Dated: April 21, 20205

Respectfully Submitted,

LISA G. PETERS
FEDERAL DEFENDER

/s/ Eliza Meredith
Eliza Meredith (NC Bar#58788)
Assistant Federal Public Defender
Capital Habeas Unit
Federal Public Defender's Office
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114 (phone)
(501) 324-5630 (fax)
eliza_meredith@fd.org

*Counsel for Norris G. Holder, Jr.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 21, 2025, a copy of the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all counsel or record.


<u>/s/Eliza Meredith</u>
Eliza Meredith

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br> *Petitioner*,<br><br>v.<br><br>STEVEN MERENDINO, Warden,<br>USP Terre Haute,<br> and<br>UNITED STATES OF AMERICA,<br><br> *Respondents*. | Case No. 2:23-cv-524-MPB-MKK<br><br>**DEATH PENALTY CASE** |

## DOCKETING STATEMENT

Pursuant to Rules 3(c)(1) and 28(a) of the Circuit Rules for the United States Court of Appeals for the Seventh Circuit, Petitioner-Appellant Norris G. Holder, Jr. hereby submits his Docketing Statement:

### I.    Jurisdiction of the District Court

The jurisdiction of the United States District Court for the Southern District of Indiana in the above-captioned matter is based upon 28 U.S.C. § 2241. Mr. Holder is serving a sentence of life without parole, following President Biden's commutation of his death sentence, and is currently incarcerated at USP

Terre Haute in Terre Haute, Indiana, where the current warden is Steven Merendino.[1]

## II.    Jurisdiction of the Court of Appeals

This appeal is taken from the final judgment and order of the United States District Court for the Southern District of Indiana, entered on February 19, 2025, by the Honorable Matthew P. Brookman. The notice of appeal in this matter was filed on April 21, 2025. The United States Court of Appeals has jurisdiction decide this case pursuant to 28 U.S.C. § 1291.

## III.    Prior Litigation Involving the Same Conviction

This appeal relates to Mr. Holder's convictions under *United States v. Holder*, No. 4:97-cr-00141-ERW-1 (E.D. Mo). The direct appeal of the trial proceedings was docketed in the United States Court of Appeals for the Eighth Circuit under *United States v. Norris G. Holder*, No. 98-2984.

Mr. Holder moved for collateral relief pursuant 28 U.S.C. § 2255 in the Eastern District of Missouri, docketed under *Holder v. United States*, No. 03-cv-00923-ERW (E.D. Mo). His appeal to the Eighth Circuit was docketed under *Holder v. United States*, No. 10-1304.

Mr. Holder filed petitions in *Holder v. United States*, No. 16-2207, and in *Holder v. United States*, 19-3473, seeking authorization from the Eighth Circuit to file a successive § 2255 motion.

---

[1] Mr. Holder submits that Steven Merendino should be substituted for previous warden Steve Kallis in this matter. *See* Fed. R. Civ. P. 25(d); Fed. R. App. P. 43(c).

2

Finally, Mr. Holder filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 in the Southern District of Indiana, docketed under *Holder v.*

*United States of America et al*, No. 2:22-cv-00212-JRS (S.D. Ind).

Dated: April 21, 20205                      Respectfully Submitted,

                                            LISA G. PETERS
                                            FEDERAL DEFENDER

                                            /s/ Eliza Meredith
                                            Eliza Meredith (NC Bar#58788)
                                            Assistant Federal Public Defender
                                            Capital Habeas Unit
                                            Federal Public Defender's Office
                                            1401 West Capitol, Suite 490
                                            Little Rock, Arkansas 72201
                                            (501) 324-6114 (phone)
                                            (501) 324-5630 (fax)
                                            eliza_meredith@fd.org

                                            *Counsel for Norris G. Holder, Jr.*

3

## CERTIFICATE OF SERVICE

I certify that on April 21, 2025 a copy of the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all counsel or record.

/s/Eliza Meredith
Eliza Meredith

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NORRIS G. HOLDER, JR.,                          )
                                                )
                    Petitioner,                 )
                                                )
              v.                                )        No. 2:23-cv-00524-MPB-MKK
                                                )
UNITED STATES OF AMERICA,                       )
STEVEN KALLIS Warden, USP Terre Haute,          )
                                                )
                    Respondents.                )

**Order Granting Motion to Dismiss**

Norris Holder was sentenced to death in the Eastern District of Missouri for an armed robbery in which security guard Richard Heflin was killed. After pursuing direct appeal and post-conviction remedies, Mr. Holder brought this 28 U.S.C. § 2241 petition for a writ of habeas corpus. The United States has moved to dismiss the petition arguing that this Court lacks jurisdiction under *Jones v. Hendrix*, 599 U.S. 465 (2023), but Mr. Holder argues that the holding in *Jones* does not apply to his jurisdictional challenge. For the reasons below, the government's motion to dismiss, dkt. [15], is **GRANTED**.

**I.        Background**

In 1997, a federal grand jury in the Eastern District of Missouri returned an indictment charging Mr. Holder and Billie Jerome Allen with one count of bank robbery resulting in death in violation of 18 U.S.C. § 2113(a) and (e), and one count of carrying a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c) and (j). Mr. Holder was convicted and sentenced to death on both counts. *See Holder v. United States*, 721 F.3d 979, 985 (8th Cir. 2013).

1

On direct appeal, a divided panel of the Eighth Circuit issued a single decision affirming Mr. Holder's and Mr. Allen's convictions and death sentences. *United States v. Allen,* 247 F.3d 741 (8th Cir. 2001). The United States Supreme Court denied Mr. Holder's petition for certiorari. *Holder v. United States*, 539 U.S. 916 (2003).

Mr. Allen also petitioned the Supreme Court for certiorari. An issue Mr. Allen raised challenging the failure to charge aggravating factors in the indictment resulted in a remand by the Supreme Court and a subsequent grant of relief from the Eighth Circuit. *Allen v. United States*, 536 U.S. 956 (2002); *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004), *rev'd en banc* 406 F.3d 940 (8th Cir. 2005). On rehearing en banc, the Eighth Circuit agreed that the indictment in this case was constitutionally defective and violated the Fifth Amendment. *See Allen*, 406 F.3d at 943. The Eighth Circuit concluded, however, that "the failure to [include aggravating factors] in this pre-*Ring* case was harmless beyond a reasonable doubt." *Id.* at 949. The Eighth Circuit reached this harmless-error determination by concluding that the grand jury would have indicted Mr. Allen on statutory aggravating factors if it had been asked to do so. *Id.* at 947–49.

Mr. Holder subsequently moved pursuant to 28 U.S.C. § 2255 for the district court to vacate his conviction and sentence. Mr. Holder raised three grounds for relief, including a claim that the indictment failed to allege a single statutory aggravating factor in violation of the Indictment Clause of the Fifth Amendment. The district court denied Mr. Holder's § 2255 motion on all claims. *Holder v. United States,* 2008 WL 2909648 (E.D. Mo. Jul. 22, 2008). Mr. Holder moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the district court's judgment, and the district court denied that motion as well. *Holder v. United States,* 2009 WL 5030785 (E.D. Mo. Dec. 14, 2009).

2

In July 2013, Mr. Holder appealed the district court's denial of his § 2255 motion and the Rule 59(e) motion to the Eighth Circuit. The panel relied on the en banc decision in Mr. Allen's case, holding "that it is error not to charge the aggravating factors for capital punishment in the indictment, but that the error is not structural and is thus subject to harmless-error analysis." *Holder v. United States*, 721 F.3d 979, 999 (8th Cir. 2014) (citing *Allen*, 406 F.3d at 943). The Eighth Circuit explained:

> For at least the reason that the same grand jury that returned Allen's indictment also returned Holder's indictment based on the same evidence and for the same charges, "we see no realistic possibility that [Holder's] grand jury would have declined to charge a statutory aggravating factor or the mens rea requirement in order to avoid exposing [Holder] to the death penalty."

*Id.* (quoting *Allen*, 406 F.3d at 949). The Eighth Circuit affirmed the district court's denial of Mr. Holder's Rule 59(e) motion in all respects. On October 5, 2015, the Supreme Court denied certiorari. *Holder v. United States*, 136 S. Ct. 34 (2015).

Mr. Holder's application for leave to file a successive § 2255 motion was denied. *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016).

Mr. Holder then filed a 28 U.S.C. § 2241 petition in this Court, in which he argued that his § 924(c)(1)(A) and (j)(1) convictions must be vacated because bank robbery is not a crime of violence under § 924(c)(3). *Holder v. United States, et al.*, 2:22-cv-00212-JRS-MG, dkt. 1 at 18−30 (S.D. Ind. May 31, 2022). The Court granted the United States' motion to dismiss, finding it lacked jurisdiction under *Jones*. *Id.* at dkts. 33, 34 (S.D. Ind. Jan. 10, 2024).

Mr. Holder filed the instant § 2241 petition on November 14, 2023. Dkt. 1. Mr. Holder argues that he is entitled to relief because the district court lacked subject matter jurisdiction to try him on capital charges and impose sentences of death because the grant jury did not indict Mr. Holder on any capital crimes. *Id.* at 4-8. He posits that *Jones* does not mandate a contrary result

because his case presents "highly unusual circumstances in which the sentencing court lacked jurisdiction to adjudicate a capital case." *Id.* at 18.

Mr. Holder also argues that § 2241 remains available because he "challenges both the imposition and the execution of his death sentences based on the district court's lack of jurisdiction." *Id.* at 19. He argues that he is unlawfully being held in the Special Confinement Unit at the US Penitentiary in Terre Haute, which is comprised exclusively of male prisoners sentenced to death who lack opportunities to socialize or pursue rehabilitative programming. *Id.* at 19-20 (citing *Kadamovas v. Director, Federal Bureau of Prisons*, No. 2:23-cv-22-MPB-MKK).

On December 23, 2024, President Biden commuted the death sentences of 37 individuals on federal death row, including Mr. Holder.[1] *Kadamovas*, No. 2:23-cv-22-MPB-MKK at dkt. 147-2 at 1, 3 (Fact Sheet: President Biden Commutes the Sentences of 37 Individuals on Death Row).

## II.    Discussion

### A. Statutory Framework

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress placed limitations on a federal prisoner's ability to bring a § 2255 action. First, such action can only be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). Second, a federal prisoner is limited to bringing one § 2255 motion, unless the court of appeals for the district where the action is filed determines that a second or successive motion contains:

---

[1] Neither party filed anything regarding the commutation in this action. *See* docket. Because Mr. Holder challenges both his conviction and sentence, the Court assumes for purposes of the petition and motion to dismiss that these proceedings have not been rendered moot by the commutation. *See Dennis v. Terris*, 927 F.3d 955 (6th Cir. 2019) (holding presidential commutation did not render habeas action moot where success on habeas could reduce his sentence).

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack under § 2255. A petitioner may seek relief by filing a § 2241 habeas corpus petition if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is referred to as the "saving clause." *See Jones*, 599 U.S. at 469.

### B. Seventh Circuit Precedent Pre-*Jones*

Before June 2023, the Seventh Circuit and other courts had applied the saving clause to allow an individual to attack his conviction or sentence in a § 2241 petition if this vehicle was the only "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

The Seventh Circuit had identified three sets of claims that satisfy § 2255(e)'s saving clause. *See Davenport*, 147 F.3d at 611−12 (claim based upon new statutory interpretation made retroactive by Supreme Court); *Webster*, 784 F.3d at 1140 (claim relying on newly available evidence that existed at the time of trial and could show that petitioner is categorically ineligible for death penalty); *Garza v. Lappin*, 253 F.3d 918, 920−21 (7th Cir. 2001) (claim based on ruling of international tribunal issued after petitioner's original § 2255 motion had been resolved). The Seventh Circuit later clarified that these categories did not "rigidly describe the outer limits" of

5

claims that might satisfy the saving clause. *Purkey v. United States*, 964 F.3d 603, 611−12 (7th Cir. 2020).

###### C.    *Jones v. Hendrix*

In *Jones*, the Supreme Court held that the plain language of § 2255(h) limits a federal prisoner from filing a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or a "new rule of constitutional law," § 2255(h)(2), and that the limitation on second or successive motions does not render § 2255 "inadequate or ineffective" such that a prisoner may seek relief under § 2241 due to a favorable interpretation of statutory law after his first § 2255 was resolved. 599 U.S. at 469−70. The Court thus abrogated *Davenport* and precedent from other circuits that had permitted petitioners to bring statutory claims under § 2241.

In doing so, the Court held that § 2255(e) does not expand § 2255(h)'s narrow exceptions for when a petitioner may bring a second or successive collateral attack on his conviction or sentence:

> Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied. . . . The saving clause does not undermine this strong negative inference.

*Jones*, 599 U.S. at 477−78.

Thus, if § 2255(h) is the only obstacle to a petitioner bringing a collateral attack on his conviction or sentence in a § 2255 motion, then § 2255(e) does not permit the petitioner to instead bring the collateral attack in a § 2241 petition. *Jones*, 599 U.S. at 478 ("Basic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes.").

6

As the Court explained in *Jones*, a § 2241 petition may be used for a collateral attack on a sentence or conviction only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. The Court observed that "[t]he clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* (citing cases where court-martial, the District Court of the Canal Zone, and an Alaska territorial court were dissolved); *see also id.* at 494 (J. Jackson, dissenting) ("[T]he majority is also wrong to interpret § 2255(e) . . . as if Congress designed that provision to filter potential habeas claims through the narrowest of apertures, saving essentially only those that a court literally would be unable to consider due to something akin to a natural calamity.").

### D. Mr. Holder's Petition

Mr. Holder suggests two paths for this Court to adjudicate his 28 U.S.C. § 2241 petition. First, he argues that the absence of jurisdiction is among the most fundamental and non-waivable defects that the writ of habeas corpus is meant to remedy. Dkt. 1 at 15-18. Second, he argues that he is challenging the "execution" of his death sentence, in addition to its imposition, and § 2241 is generally available to challenge the execution of a sentence. *Id.* at 19-20. The latter claim has clearly been rendered moot by the commutation of Mr. Holder's sentence to life. Thus, the Court addresses only the first argument.

Mr. Holder argues that habeas corpus has long been available to prisoners seeking to challenge the jurisdiction of the court in which they were tried and sentenced. Dkt. 1 at 15 (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1522 (2022) and *Ex Parte Siebold*, 100 U.S. 371 (1880)). He further argues that under Supreme Court precedent, the issue of subject matter jurisdiction can never be waived and can be resurrected at any time. *Id.* (citing *Gonzalez v. Thaler*, 565 U.S. 134,

141 (2012)). Mr. Holder argues that § 2241 is the proper procedural vehicle because the sentencing court's lack of jurisdiction was itself an unusual circumstance that made it impossible for him to seek relief in that court. Dkt. 1 at 18 ("Seeking relief from a court that lacked jurisdiction to preside over the case is a perplexing and highly unusual circumstance.").

This argument ignores the fact that such a challenge is expressly authorized under § 2255(a): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . ." *See also Daigle v. Kallis*, 2023 WL 10450157 (7th Cir. Nov. 13, 2023) (unpublished) (upholding dismissal of § 2241 in which petitioner challenged North Dakota district court's jurisdiction to hear his case, observing that "[a] court, however, always has jurisdiction to determine its own jurisdiction, and a court's ruling on jurisdiction is protected against collateral attack in the same manner as other rulings"). Where § 2255 explicitly provides that a petitioner may lodge a jurisdictional challenge, it is clear that this claim is not one of the "unusual circumstances" contemplated by the Supreme Court that would permit a federal prisoner to use § 2241. *Jones*, 599 U.S. at 478. Further, Mr. Holder's argument that a jurisdictional challenge can be raised at any time contradicts the Supreme Court's rationale in *Jones* that AEDPA's restrictions on second or successive collateral attacks were meant to strike "the appropriate balance between finality and error correction." *Jones*, 599 U.S. at 491.

Further, although Mr. Holder now frames his argument as the district court lacking subject matter jurisdiction over his case at all, he already challenged the deficient indictment in his original § 2255 Motion in the Eastern District of Missouri. That court addressed the argument on the merits and dismissed it on harmlessness grounds. *Holder*, 2008 WL 2909648, *24. The Eighth Circuit affirmed the district court, *Holder*, 721 F.3d at 998-99, and the Supreme Court denied certiorari,

8

*Holder*, 577 U.S. at 829. Even before *Jones*, the saving clause was not intended to give a petitioner another opportunity for collateral review in a different circuit because he was disappointed in the result of the proceedings in the circuit of his conviction. *See Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021) ("Section 2241 is not a means to get a second opinion in a different circuit.").

Mr. Holder therefore cannot rely on the saving clause as a path to litigate his § 2241 petition in this Court. The motion to dismiss for lack of jurisdiction is granted.

### III.    Conclusion

For the foregoing reasons, the United States' motion to dismiss, dkt. [15], is **GRANTED**, and Mr. Holder's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Dated:  February 19, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NORRIS G. HOLDER, JR.,                        )
                                              )
                  Petitioner,                 )
                                              )
            v.                                )      No. 2:23-cv-00524-MPB-MKK
                                              )
UNITED STATES OF AMERICA,                     )
STEVEN KALLIS Warden, USP Terre Haute,        )
                                              )
                  Respondents.                )

**Final Judgment**

The Court now enters final judgment. The petition for a writ of habeas corpus is

**DISMISSED** for lack of jurisdiction.

Dated:  February 19, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____

Deputy Clerk, U.S. District Court

Distribution:

All Electronically Registered Counsel

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00524-MPB-MKK

| | |
|---|---|
| HOLDER v. UNITED STATES OF AMERICA et al | Date Filed: 11/14/2023 |
| Assigned to: District Judge Matthew P. Brookman | Date Terminated: 02/19/2025 |
| Referred to: Magistrate Judge M. Kendra Klump | Jury Demand: None |
| Cause: 28:2241fd Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 535 Death Penalty - Habeas Corpus |
| | Jurisdiction: U.S. Government Defendant |

**Petitioner**

**NORRIS G. HOLDER, JR.**    represented by    **Eliza Meredith**
Federal Public Defender, Eastern District of Arkansas
1401 West Capitol Avenue
Suite 490
Little Rock, AR 72201
501-324-6114
Email: eliza_meredith@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**UNITED STATES OF AMERICA**    represented by    **James Robert Wood**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2462
Fax: (317) 226-6125
Email: bob.wood@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jason Dunkel**
DOJ-USAO
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
314-539-2200
Email: jason.dunkel@usdoj.gov
*ATTORNEY TO BE NOTICED*

Case 2:23-cv-00524-MPB-MKK    Document 28    Filed 04/22/25    Page 25 of 27 PageID #: 144

**Respondent**

**STEVEN KALLIS**                          represented by  **James Robert Wood**
*Warden, USP Terre Haute*                                  (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jason Dunkel**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2023 | 1 | PETITION for Writ of Habeas Corpus *PURSUANT TO 28 U.S.C. § 2241*, filed by NORRIS G. HOLDER, JR. (No fee paid with this filing) (Attachments: # 1 Civil Cover Sheet)(Meredith, Eliza) (Entered: 11/14/2023) |
| 11/14/2023 | 2 | MOTION for Leave to Proceed in forma pauperis , filed by Plaintiff NORRIS G. HOLDER, JR. (Attachments: # 1 Text of Proposed Order)(Meredith, Eliza) (Entered: 11/14/2023) |
| 11/14/2023 | 3 | NOTICE of Appearance by Eliza Meredith on behalf of Plaintiff NORRIS G. HOLDER, JR. (Meredith, Eliza) (Entered: 11/14/2023) |
| 11/15/2023 | 4 | NOTICE of Appearance by Gene Allen Franco on behalf of Plaintiff NORRIS G. HOLDER, JR. (Franco, Gene) (Entered: 11/15/2023) |
| 11/15/2023 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (AAS) (Entered: 11/15/2023) |
| 11/15/2023 | 6 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (AAS) (Entered: 11/15/2023) |
| 11/16/2023 | 7 | ORDER TO SHOW CAUSE - The respondent shall have until December 27, 2023, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty-eight days after service of the answer in which to reply. The petitioner's motion to proceed in forma pauperis, dkt. 2 , is granted. SEE ORDER. Signed by District Judge Matthew P. Brookman on 11/16/2023.(JRB) (Entered: 11/17/2023) |
| 01/02/2024 | 8 | ORDER TO SHOW CAUSE - The respondent shall have until February 13, 2024, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty-eight days after service of the answer in which to reply. SEE ORDER. Electronic Notice to United States Attorney. Signed by District Judge Matthew P. Brookman on 1/2/2024.(JRB) (Entered: 01/02/2024) |
| 01/03/2024 | 9 | MOTION for Reconsideration *of Sua Sponte Second Order to Show Cause* (), MOTION for Clerk's Entry of Default , filed by Plaintiff NORRIS G. HOLDER, JR. (Franco, Gene) (Entered: 01/03/2024) |
| 01/09/2024 | 10 | NOTICE of Appearance by James Robert Wood on behalf of Defendants STEVEN KALLIS, UNITED STATES OF AMERICA. (Wood, James) (Entered: 01/09/2024) |
| 01/09/2024 | 11 | RESPONSE in Opposition re 9 MOTION for Reconsideration *of Sua Sponte Second Order to Show Cause* MOTION for Clerk's Entry of Default , AND MOTION for Extension of Time filed by Respondents STEVEN KALLIS, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Wood, James) Modified to correct party designation and event on 1/10/2024 (JRT). (Entered: 01/09/2024) |

| 01/10/2024 | 12 | REPLY in Support of Motion re 9 MOTION for Reconsideration *of Sua Sponte Second Order to Show Cause* MOTION for Clerk's Entry of Default , filed by Petitioner NORRIS G. HOLDER, JR. (Franco, Gene) (Entered: 01/10/2024) |
|---|---|---|
| 01/12/2024 | 13 | Order Denying Motion for Reconsideration and Granting Motion for Extension of Time: Mr. Holder's motion for reconsideration, dkt. 9 , is denied, and Respondents' motion for an extension of time, dkt. 11 , is granted. Respondents will have through March 29, 2024, to file their response to the § 2241 petition. See Order. Signed by District Judge Matthew P. Brookman on 1/12/2024. (LF) (Entered: 01/12/2024) |
| 01/25/2024 | 14 | NOTICE of Substitution of Appearance by Jason Dunkel replacing *Caroline Costantin* on behalf of STEVEN KALLIS, UNITED STATES OF AMERICA (Dunkel, Jason) (Entered: 01/25/2024) |
| 03/29/2024 | 15 | MOTION to Dismiss *Petition*, filed by Respondents STEVEN KALLIS, UNITED STATES OF AMERICA. (Dunkel, Jason) (Entered: 03/29/2024) |
| 04/04/2024 | 16 | MOTION to Withdraw Attorney Appearance , filed by Petitioner NORRIS G. HOLDER, JR. (Franco, Gene) (Entered: 04/04/2024) |
| 04/05/2024 | 17 | Submission of Proposed Order , re 16 MOTION to Withdraw Attorney Appearance , filed by Petitioner NORRIS G. HOLDER, JR. (Franco, Gene) (Entered: 04/05/2024) |
| 04/05/2024 | 18 | Unopposed MOTION for Extension of Time to File Response re 15 MOTION to Dismiss *Petition* , filed by Petitioner NORRIS G. HOLDER, JR. (Attachments: # 1 Text of Proposed Order)(Meredith, Eliza) (Entered: 04/05/2024) |
| 04/12/2024 | 19 | ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME - This matter comes before the Court on the unopposed motion of counsel for Petitioner Norris G. Holder, Jr., requesting a 45-day extension of time to file a response to the Government's Motion to Dismiss. The Court, being duly advised in the premises, now GRANTS Petitioner's motion, dkt. 18 , finding it to be made for good cause. Petitioner shall have to and including June 3, 2024, to file his response to the Government's Motion to Dismiss. Signed by District Judge Matthew P. Brookman on 04/12/2024. (AAT) (Entered: 04/12/2024) |
| 04/23/2024 | 20 | ORDER granting 16 Motion to Withdraw Attorney Appearance. Attorney Gene Allen Franco withdrawn. Attorney Eliza Merdith remains attorney of record for Mr. Holder in this matter. Signed by District Judge Matthew P. Brookman on 4/23/2024. (KAA) (Entered: 04/24/2024) |
| 05/21/2024 | 21 | Unopposed MOTION for Extension of Time to File Response to July 3, 2024 re 15 MOTION to Dismiss *Petition* , filed by Petitioner NORRIS G. HOLDER, JR. (Attachments: # 1 Text of Proposed Order)(Meredith, Eliza) (Entered: 05/21/2024) |
| 05/22/2024 | 22 | ORDER granting 21 Unopposed MOTION for Extension of Time. Petitioner shall have to and including July 3, 2024, to file his response to 15 the Government's Motion to Dismiss. Signed by District Judge Matthew P. Brookman on 5/22/2024. (LBT) Modified on 5/22/2024 (LBT). (Entered: 05/22/2024) |
| 07/03/2024 | 23 | RESPONSE in Opposition re 15 MOTION to Dismiss *Petition* , filed by Petitioner NORRIS G. HOLDER, JR. (Meredith, Eliza) (Entered: 07/03/2024) |
| 02/19/2025 | 24 | ORDER granting 15 Motion to Dismiss - Mr. Holder's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Final judgment shall now issue. SEE ORDER. Signed by District Judge Matthew P. Brookman on 2/19/2025. (JRB) (Entered: 02/19/2025) |
| 02/19/2025 | 25 | Final Judgment - The Court now enters final judgment. The petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Signed by District Judge Matthew P. Brookman on 2/19/2025.(JRB) (Entered: 02/19/2025) |

| 04/21/2025 | 26 | NOTICE OF APPEAL as to 24 Order on Motion to Dismiss, 25 Closed Judgment, filed by Petitioner NORRIS G. HOLDER, JR. (No fee paid with this filing) (Meredith, Eliza) (Entered: 04/21/2025) |
| 04/21/2025 | 27 | DOCKETING STATEMENT by NORRIS G. HOLDER, JR re 26 Notice of Appeal (Meredith, Eliza) (Entered: 04/21/2025) |

**Case #: 2:23-cv-00524-MPB-MKK**